HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BIRGIT Y. PUTZ,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No. C08-5290RBL

ORDER DENYING EAJA FEES, COSTS AND EXPENSES

THIS MATTER having come on regularly before the undersigned upon Plaintiff's Motion to Award EAJA Fees, Costs and Expenses [Dkt. #35], and the Court having reviewed the materials submitted for and against said motion, for the reasons stated below, the Motion for Fees, Costs and Expenses [Dkt. #35] is **DENIED.**

## PROCEDURAL HISTORY

The underlying case involves plaintiff's request for judicial review, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), of the Commissioner's final decision finding her not disabled under the Social Security Act. On January 9, 2009, this Court affirmed the ALJ's decision that plaintiff was not disabled [Dkt. #26]. On March 22, 2010, the Ninth Circuit reversed the ALJ and this Court's decision finding that

ORDER
Page - 1

plaintiff was disabled [Dkt. #32].  On June 18, 2010, plaintiff filed her Motion for Attorney Fees in this Court, in the amount of $21,761.92.

## **DISCUSSION**

The Ninth Circuit decision finding that plaintiff is disabled renders plaintiff is the prevailing party in this case.  *Shalala v. Schaefer*, 509 U.S. 292, 299-302 (1993); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  The Court should deny EAJA fees whenever the Commissioner's position was substantially justified.  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).  The government has the burden to show that its conduct was substantially justified at each stage of the proceedings.  *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).  The Commissioner's position is substantially justified when it is justified to a degree that could satisfy a reasonable person that it has a reasonable basis in law and fact.  *Lewis*, 281 F.3d at 1083.  The government's position is likewise substantially justified if there is a "genuine dispute" over which "reasonable people could differ."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  A substantially justified position is one that "a reasonable person could think as correct, that is, if it has a reasonable basis in law and fact."  *Pierce*, 487 U.S. at 566, n.2.  The position does not need to be "justified to a high degree."  *Id*. at 565.  The standard is satisfied if there is a "genuine dispute."  *Id*.

The government must justify the original agency action and the later positions taken in litigation.  The reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court."  *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).  In the case at bar, the Commissioner's position was substantially justified.

This is not a case where a procedural defect is involved.  Rather, it involves a reasonable dispute between judges who looked at the same information and reached opposite conclusions about the severity of plaintiff's disability.  The ALJ heard the evidence, made credibility findings, considered the evidence

and concluded that plaintiff was not disabled.  The Magistrate Judge reviewed the same evidence and concluded that the evidence substantially and sufficiently supported the ALJ's decision.  This Court reviewed the evidence and agreed with the ALJ and the Magistrate Judge.

At the Court of Appeals, two of the three judges reviewed the same evidence, concluded that some evidence should be given more weight than was given by the previous fact finders and that other evidence should have been given less weight than was given by those previous fact finders.  Based on the evidence most pertinent to them, the two judges decided that the plaintiff was disabled and that she suffered from chronic fatigue syndrome <u>and</u> that the condition was debilitating in 2001.

In a vigorous dissent, Judge Tashima outlined the evidence as set forth by the ALJ and reiterated in subsequent reviews by the Magistrate Judge and this Court.  He too found the decision of the ALJ to be supported by substantial and sufficient evidence.

Where, as here, there is no procedural defect, no violation of rule or law, but rather a fair dispute about the weight to be given evidence which is not disputed, it cannot be seriously contended that the Commissioner's position before the agency and subsequently before the District Court and the Court of Appeals was not substantially justified.  The government has met its burden to show that its conduct was substantially justified at each stage of the proceedings and therefore plaintiff is not entitled to attorney fees, costs and expenses.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE